1  STEVEN G. KALAR
   Federal Public Defender
2  Northern District of California
   DAVID W. RIZK
3  Assistant Federal Public Defender
   19th Floor Federal Building - Box 36106
4  450 Golden Gate Avenue
   San Francisco, CA 94102
5  Telephone:   (415) 436-7700
   Facsimile:   (415) 436-7706
6  Email:       david_rizk@fd.org

7

8  Counsel for Defendant BEYER

9

10                 IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13

| 14 | UNITED STATES OF AMERICA, | Case No.: CR 2018–392 CRB |
|---|---|---|
| 15 | Plaintiff, | **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE** |
| 16 | v. | |
| 17 | NICHOLAS BEYER, | |
| 18 | Defendant. | **PRETRIAL CONFERENCE** |

# INTRODUCTION

Defendant Nicholas Beyer submits this response and objection to the government's three motions *in limine*.  *See* ECF No. 46.

## I. The government fails to identify with specificity any of the records it seeks to admit, which include many irrelevant, immaterial, and prejudicial matters.

The court should deny the government's motion in view of its failure to identify the relevant records with specificity.  There are hundreds of pages of documents from the Federal Aviation Administration (FAA), the Department of Veterans Affairs (VA), and the medical offices of Dr. Stuart Bussey, that have been produced in this case.  The government's motion, however, fails to identify a single specific document by Bates number that it seeks to admit and instead appears to request blanket admission of these materials.  The documents include large volumes of highly confidential personal and medical information concerning Mr. Beyer which is irrelevant, immaterial, and prejudicial.  For example, the VA documents include Mr. Beyer's medical records spanning approximately a decade of service in the Navy.  These records consist primarily of private information about Mr. Beyer's physical health that has no relevance whatsoever to this case.  The government's broad assertion that all of these documents are self-authenticating under Federal Rule of Evidence 902(11), and qualify as business records under Rule 803(6), does not render them admissible because they may include multiple levels of hearsay, as well as matters that are inadmissible because they are irrelevant, immaterial, and/or prejudicial.  Similarly, the FAA documents include, for example, subject matter test results for Mr. Beyer on flight operations, maneuvering, plane maintenance, and other matters that are completely irrelevant.  The government's general assertion that these documents are self-authenticating under Federal Rule of Evidence 902(1) also does not render them admissible— again, because hearsay, relevance, materiality, and prejudice may still be contested.  The same problems arise with the government's effort to admit documents from Dr. Bussey's offices.  In sum, the government's effort to admit all of these materials wholesale should be denied without prejudice.  Mr. Beyer will of course meet and confer with the government concerning specific materials on its exhibit list, but the present motion is fatally overbroad.

**II.     The motion should be denied as premature; the defense is entitled to *voir dire* Dr. Northrup prior to admission of her testimony under Rule 702.**

Although Mr. Beyer disputes Dr. Susan Northrup's conclusions, he does not generally object to the relevance of her proposed testimony, provided it is limited to the matters set forth in the government's motion in paragraphs 1-6.  That said, Mr. Beyer reserves his right to *voir dire* Dr. Northrup regarding her credentials.  If the government prefers to call Dr. Northrup to be so questioned at the pretrial conference, then the Court might be in a position to consider the government's motion on the merits.  Without such an opportunity, however, the government's motion is premature and should be denied without prejudice.

**III.    The defense does not intend to comment on any potential sentence or punishment.**

The government asks the Court to prevent the defense from making any reference to Mr. Beyer's potential sentence.  The defense does not intend to make any such references before the jury. However, the government's assertion that the defense may not mention that this case "has serious consequences" for the defendant (i.e., a conviction on his record), or that the jury's function is to protect Mr. Beyer's "liberty," is without merit.  Such references are not about any potential sentence or punishment, but rather serve to inform the jury of their role, and ensure that the jurors take that role seriously.

**CONCLUSION**

For all the foregoing reasons, Mr. Beyer respectfully requests that the Court deny the government's motions *in limine*.

Dated:    December 20, 2019

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

        /S
DAVID W. RIZK
Assistant Federal Public Defender

2