DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXANDRA SHEPARD (CABN 205143)
Special Assistant United States Attorney

DAVID WARD (CABN 239504)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA  94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    alexandra.shepard2@usdoj.gov
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>NICHOLAS KING BEYER,<br><br>                 Defendant. | NO. CR 18-00392 CRB<br><br>UNITED STATES' PRETRIAL CONFERENCE STATEMENT<br><br>Trial Date: January 13, 2020<br>Pretrial Date: January 9, 2020<br>Time: 2:00 p.m.<br>Court: Hon. Charles R. Breyer |

Pursuant to Criminal Local Rule 17.1-1(b), the United States respectfully submits the following Pretrial Statement.

**I.   JENCKS, BRADY, AND GIGLIO DISCLOSURE (Crim. L. R. 17.1-1(b)(1–3))**

The United States provided a copy of the transcript of the grand jury testimony of potential witness Department of Veterans Affairs Office of Inspector General Special Agent Nicholas Sanzone, following the Court's order on the government's *ex parte* application to disclose the transcript.

The government has provided to defendant copies of all currently available reports of prior witness statements in its possession. As new reports are obtained, they will be provided to the defense. The United States believes that it has supplied all materials that may be relevant as *Brady* material, if any, and recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The government also understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any exculpatory material or impeachment information concerning the witnesses expected to testify in its case-in-chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), that has not already been provided or disclosed to the defense. To the extent the United States obtains any further such information, that information will be provided to the defense.

The United States has received reciprocal discovery from the defendant pursuant to Federal Rule of Criminal Procedure 16(b). The United States has not received any witness statements from defendant pursuant to Federal Rule of Criminal Procedure 26.2. The United States requests that defendant be directed to comply with Rule 26.2 as appropriate.

**II.     STIPULATIONS (Crim. L.R. 17.1-1(b)(4))**

At present, the parties have not agreed to any stipulations. Any stipulations reached by the parties will be reduced to writing, signed by the parties, filed with the Court, and published to the jury as Trial Exhibits at the appropriate time during trial.

Even if the parties do not reach a stipulation regarding the admissibility of certain business records, it will be the United States' position that they are admissible as self-authenticating records under Rules 803(b), 902(1), 902(2), 902(4), or 902(11). The United States has filed a Notice regarding its intention to seek admission of these records, as required by that rule in order to allow the defendant "a fair opportunity to challenge them." The government has also filed a motion *in limine* seeking a pretrial ruling that these records are to be admitted at trial.

### III. NEED FOR INTERPRETERS (Crim. L.R. 17.1-1(b)(5))

The government does not anticipate requiring interpreters for any of the witnesses it intends on calling at trial.

### IV. DISMISSAL OF COUNTS AND ELIMINATION OF CERTAIN ISSUES (Crim. L.R. 17.1-1(b)(6))

At this time, the United States is not aware of counts that can be dismissed, although Defendant has moved to dismiss Counts 2 and 4. Dkt. 50). Other than the parties' potential stipulations to testimony, foundational evidentiary issues, or to the admissibility of certain records, the United States is not aware of other issues that can be eliminated prior to trial.

### V. JOINDER/SEVERANCE ISSUES (Crim. L.R. 17.1-1(b)(7))

There are no joinder or severance issues.

### VI. INFORMANTS/PRIOR CONVICTIONS (Crim. L.R. 17-1(b)(8))

The United States will not rely on any "informants." If applicable, the government will provide information on prior convictions of its witnesses to the defense.

### VII. WITNESS LIST (Crim. L.R. 17.1-1(b)(9))

The United States is filing its proposed witness list separately.

### VIII. EXHIBIT LIST (Crim. L.R. 17.1-1(b)(10))

The parties intend to meet and confer regarding exhibits, as directed by the Court in its Pretrial Order. The United States will file its witness list separately. Some of the exhibits on the United States' Exhibit List may be used only for the purpose of refreshing the witness's recollection. The United States may use additional exhibits at trial, such as summary charts, timelines, or business records not received until the time of trial.

### IX. OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1-1(b)(11))

Defendant has not informed the government of its intent to use any particular exhibits or lay testimony at trial. The government reserves the right to object to such exhibits and testimony. Defendant has provided the government with a disclosure regarding potential expert witness testimony,

and the government filed a motion objecting to the proposed expert testimony on relevance grounds. Dkt. 69.

## X.  LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim. L.R. 17.1-1(b)(12))

Other than the issues set forth in the parties' motions *in limine* and described in the government's motion objecting to the defendant's proposed expert testimony, Dkt. 69, the government is not aware of any other significant legal issues likely to arise at trial.

## XI.  SCHEDULING OF THE TRIAL AND OF WITNESSES (Crim. L.R. 17.1-1(b)(13)

The government does not have any special requests regarding the scheduling of the trial and witnesses at this time.

## XII.  PROPOSED VOIR DIRE AND JURY INSTRUCTIONS (Crim. L.R. 17.1-1(b)(14))

The parties jointly filed a proposed voir dire questions.  Dkt. 58.

The parties' also jointly filed proposed jury instructions, which contain the elements of the charged offenses and proposed instructions regarding various issues anticipated to arise at trial. Dkt. 62.

## XIII. ANY OTHER MATTER WHICH MAY TEND TO PROMOTE A FAIR AND EXPEDITIOUS TRIAL (Crim. L.R. 17.1-1(b)(15))

The government is not aware of any other matters at this time.

Dated: January 2, 2020                          Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/

ALEXANDRA J. SHEPARD
Special Assistant United States Attorney

/s/

DAVID WARD
Assistant United States Attorney